PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ALEX IZQUIERDO, | CASE NO. 4:11CV01826 |
| Plaintiff, | |
| | JUDGE BENITA Y. PEARSON |
| v. | |
| BILL BOLDIN, *et al.*, | |
| | **MEMORANDUM OF OPINION AND** |
| Defendants. | **ORDER** (Resolving ECF No. 4) |

*Pro se* Plaintiff Alex Izquierdo ("Plaintiff") filed this action against Defendant United States Marshal Bill Boldin ("Boldin") in the Youngstown Municipal Court alleging that Boldin searched his house without a warrant and damaged his personal property. ECF No. 1-1. The United States of America substituted itself as the proper party Defendant with respect to common law tort claims. ECF No. 2. Contemporaneous with the substitution, Defendant filed a Notice of Removal and timely removed the cause of action to federal court. ECF No. 1.

Before the Court is Defendant's unopposed Motion to Dismiss for lack of subject matter pursuant to Fed. R. Civ. P. 12(b)(1), claiming that Plaintiff has not demonstrated exhaustion of administrative remedies under the Federal Tort Claims Act ("FTCA"). ECF No. 4.

For the reasons set forth below, Defendant's Motion to Dismiss is granted, in part, and denied, in part.

**I. Background**

Plaintiff's Complaint is very brief. In its entirety, it states:

> On June 2, 2011 the US Marshal came to my house wake up every on[e] without a warrant search all the house. I buy the Allienware

(4:11CV01826)

> computer cost me almost 3000.00. They put evidence tape and the tape don't come our [sic] and the printer too so I can't go out with my computer cause have the tape on it. The tape don't come out of the computer[.] [T]he computer was 2 that I have it. They take 2 routers[.] [O]ne came back broken[.] [T]hey cut the cables that go into the jack so I have to buy new cables[.] [T]hey never show us the warrant[.] Everythi[n]g that they take have that tape on it[.] I can[']t not [sic] use the wi fi get cause cause [sic] take it out crash the computer can get Rust.

ECF No. 1-1 at 1-2.

## II. Legal Standard and Discussion

A case will be dismissed under Federal Rule of Civil Procedure 12(b)(1) if the court lacks jurisdictional authority over the subject matter of the dispute. Fed. R. Civ. P. 12(b)(1). Lack of subject matter jurisdiction is a non-waiveable, fatal defect. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

The legal test for assessing whether a lawsuit challenged under Fed. R. Civ. P. 12(b)(1) may be dismissed depends on the type of challenge posed. The Sixth Circuit has explained that "Rule 12(b)(1) motions to dismiss for lack of subject-matter jurisdiction generally come in two varieties: a facial attack or a factual attack." *O'Bryan v. Holy See*, 556 F.3d 361, 375-76 (6th Cir. 2009) (internal citations and quotations omitted). In a factual challenge, the defendant objects to the merits of the asserted federal jurisdiction. *Memphis Biofuels, LLC v. Chickasaw Nat'l Indus., Inc.*, 585 F.3d 917, 919 (6th Cir. 2009). Conversely, a "facial attack on the subject-matter jurisdiction alleged in the complaint questions merely the sufficiency of the pleading." *Gentek Bldg. Prods. v. Sherwin-Williams Claims*, 491 F.3d 320, 330 (6th Cir. 2007) (citing *Ohio Nat'l Life Ins. Co. v. U.S.*, 922 F.2d 320, 325 (6th Cir.1990)). Upon reviewing a

(4:11CV01826)

facial attack, "a district court takes the allegations in the complaint as true . . . [and] [i]f those allegations establish federal claims, jurisdiction exists." Gentek, 491 F.3d at 330 (internal citations omitted).

### A. Tort Claim

In its motion, Defendant facially attacks Plaintiff's Complaint by arguing that the Court lacks jurisdiction because of Plaintiff's failure to comply with the FTCA's jurisdictional prerequisite to obtaining judicial review. ECF No. 4-1. Defendant argues that Plaintiff's tort claim is governed by the FTCA, which limits a court's jurisdiction over actions brought against the United States and its agencies or employees. ECF No. 4-1 at 2. Defendant emphasizes that the FTCA requires Plaintiff to first file an administrative claim, and the filing of such a claim is jurisdictional as well as an absolute, non-waivable prerequisite to maintaining a civil action for damages arising from alleged wrongful acts of a federal employee. ECF No. 4-1 at 3 (citing 28 U.S.C. § 2675(a)). Defendant contends that, in this case, Plaintiff did not allege this jurisdictional prerequisite nor could he because Plaintiff has not filed an administrative FTCA claim with the United States Marshals Service. ECF No. 4-1 at 3. The failure to comply with this jurisdictional prerequisite is grounds for dismissing a claim under the FTCA. *See Goosby v. U.S.*, 545 F. Supp. 2d 725, 733 (W.D. Tenn. 2008) (providing a list of cases that were dismissed because the plaintiff failed to file an administrative claim).

The United States, as a sovereign, is immune from suit unless it explicitly waives its immunity. *U.S. v. Sherwood*, 312 U.S. 584, 590–91 (1941). By enacting the FTCA, Congress waived the United States' sovereign immunity under very limited circumstances for claims

3

(4:11CV01826)

against the federal government arising from torts committed by federal employees who are acting within the scope of their employment. 28 U.S.C. §§ 1346(b)(1), 2679(d)(1); *U.S. v. Orleans*, 425 U.S. 807 (1976). Congress defined the exact terms and conditions upon which the government may be sued and the terms of the United States' consent to federal court jurisdiction over suits brought against the United States. *U.S. v. Orleans*, 425 U.S. at 814; *Honda v. Clark*, 386 U.S. 484, 501 (1967). The Court cannot extend the waiver of immunity beyond what Congress intended. *U.S. v. Kubrick*, 444 U.S. 111, 118 (1979).

      The limits placed on tort claims such as that alleged in the Complaint, dictate that they "shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . . ." 28 U.S.C. § 2401(b). The timely filing of an administrative claim is a requirement of the FTCA. Because section 2401(b) is a condition of the United States' waiver of immunity, the exhaustion requirement is jurisdictional. *Bumgardner v. U.S.*, Nos. 10–5656, 10–5657, 2012 WL 858647, at *2 (6th Cir. Mar. 14, 2012). Plaintiff must demonstrate exhaustion of administrative remedies prior to filing a tort claim. In the instant case, the record before the Court lacks any indication that Plaintiff has filed an administrative claim. *See* ECF No. 1-1. Therefore, the Court finds that Plaintiffs tort claim against substituted Defendant the United States is dismissed for lack of subject matter jurisdiction. *See Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996) (indicating that for a jurisdictional challenge under Fed. R. Civ. P 12(b)(1), the plaintiff bears the burden of proving sufficient facts to support subject matter jurisdiction).

(4:11CV01826)

### B. Fourth Amendment Claim

The United States Supreme Court has explained that a "document filed *pro se* is to be liberally construed . . . [and] a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards . . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations and citations omitted). Although Defendant characterizes Plaintiff's Complaint as asserting only one cause of action arising under state tort law, the Court liberally construes two claims from the pleading. In addition to the FTCA claim, Plaintiff alleges that Boldin, a United States Deputy Marshal, conducted the search without a warrant. ECF No. 1-1 at 1-2. Plaintiff's warrantless search allegation coupled with the allegations of seizure of personal property contentions are sufficient to liberally construe a claim under the Fourth Amendment. ECF No. 1-1. Plaintiff has asserted his Fourth Amendment claim against the individual federal officer, Boldin, not the United States of America. The Court, therefore, has subject matter jurisdiction over Plaintiff's Fourth Amendment claim in a *Bivens* action. See *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971).[1]

Accordingly, Defendants' Motion to Dismiss for lack of subject matter jurisdiction is denied as to Plaintiff's claim asserted under the Fourth Amendment for unreasonable search and seizure. This case shall proceed solely on Plaintiff's *Bivens* action against Defendant Bill Boldin.

---

[1] In *Bivens*, the Supreme Court, held that a complaint alleging that agents of Federal Bureau of Narcotics, acting under color of federal authority, made warrantless entry of petitioner's apartment, searched the apartment and arrested him on narcotics charges, all without probable cause, stated federal cause of action under the Fourth Amendment for damages recoverable upon proof of injuries resulting from agents' violation of that Amendment.

(4:11CV01826)

### III. Conclusion

Accordingly, Defendant's Motion to Dismiss (ECF No. 4) as it pertains to Plaintiff's claim arising under the Federal Tort Claims Act, is granted. The United States is dismissed as a party to this action.

The Motion to Dismiss (ECF No. 4) is denied as to Plaintiff's claim asserting a violation of the Fourth Amendment. This case shall proceed solely on Plaintiff's claim against Defendant United States Marshal Bill Boldin.

Defendant Bill Boldin must answer or otherwise respond to the *Bivens* allegation no later than 30 days from the date of this Order.


    IT IS SO ORDERED.


| March 21, 2012 | */s/ Benita Y. Pearson* |
|---|---|
| Date | Benita Y. Pearson |
| | United States District Judge |