PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| ALEX IZQUIERDO, | ) | CASE NO. 4:11CV01826 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| BILL BOLDIN, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendants. | ) | **ORDER** (Resolving ECF No. 8) |

*Pro se* Plaintiff Alex Izquierdo ("Plaintiff") filed this action against Defendant United States Deputy Marshal Bill Boldin ("Boldin") in the Youngstown Municipal Court alleging that Boldin searched his house without a warrant and damaged his personal property. ECF No. 1-1.

Before the Court is Boldin's Motion to Dismiss, or in the alternative, Motion for Summary Judgment. ECF No. 8-1. Therein, Boldin asserts that Plaintiff lacks evidence that a Constitutional violation occurred, and that, even if one did occur, Boldin is entitled to the defense of qualified immunity. ECF No. 8-1. Plaintiff has not responded to Boldin's motion and the time for him to do so has passed.

For the reasons set forth below, the Court grants Boldin's Motion for Summary Judgment.

## I. Background

On August 2, 2011, Boldin, a Deputy U.S. Marshal, along with other members of the U.S. Marshals Service, and agents with the Federal Bureau of Investigation, and the Ohio Bureau of Criminal Investigations served Laroy Dock ("Dock") with a search warrant for evidence related

(4:11CV01826)

to his charge of false personation of a federal officer.[1]  ECF No. 8-2 at 1.  The search warrant authorized the seizure of "computers, printers, cameras and other equipment used to make identification cards; business records of OSPCS/Special Police Constable State in paper and/or electronic format."  ECF No. 8-2 at 1.

Upon arriving at Dock's residence, Boldin knocked, provided Dock with a copy of the search warrant, and advised him of his *Miranda* rights.  ECF No. 8-2 at 1-2.  Dock signed the *Miranda* waiver and agreed to answer Boldin's questions.  ECF No. 8-2 at 1-2.  According to Boldin's affidavit, the enforcement officers conducted a search while Boldin and a Federal Bureau of Investigation agent interviewed Dock.  ECF No. 8-2 at 1-2.  Notably, Boldin testified that he did not participate in the search or seizure.  ECF No. 8-2 at 2.  The enforcement officers seized computer equipment, which they returned the next day after finding that such equipment had not been used in the commission of the matter under investigation.  ECF No. 8-2 at 2.

Based upon these events, Plaintiff filed a cause of action that the Court liberally construed as a claim alleging violation of the Fourth Amendment.  ECF No. 5.  Plaintiff's Complaint is very brief.  In its entirety, it states:

> On June 2, 2011 the US Marshal came to my house wake up every on[e] without a warrant search all the house.  I buy the Allienware computer cost me almost 3000.00.  They put evidence tape and the tape don't come our [sic] and the printer too so I can't go out with my computer cause have the tape on it.  The tape don't come out of the computer[.]  [T]he computer was 2 that I have it. They take 2 routers[.]  [O]ne came back broken[.]  [T]hey cut the cables that go into the jack so I have to buy new cables[.]  [T]hey never show us

---

[1] United States District Court Magistrate Judge George Limbert issued the search warrant.  ECF No. 8-2 at 1.

2

(4:11CV01826)

> the warrant[.] Everythi[n]g that they take have that tape on it[.] I can[']t not [sic] use the wi fi get cause cause [sic] take it out crash the computer can get Rust.

ECF No. 1-1 at 1-2.

## II. Legal Standard

Federal Rule of Civil Procedure 56(c) governs summary judgment motions, and provides in pertinent part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a mater of law . . . .

The movant, however, is not required to file affidavits or other similar materials negating a claim on which its opponent bears the burden of proof, so long as the movant relies upon the absence of the essential element in the pleadings, depositions, answers to interrogatories, and admissions on file. *Celotex*, 477 U.S. at 317.

Upon review, the Court must view the evidence in light most favorable to the non-moving party to determine whether a genuine issue of material facts exists. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970); *see also White v. Turfway Park Racing Ass'n.*, 909 F.2d 941, 943-44 (6th Cir. 1990). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson*, 477 U.S. at 248. Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. Thus, in most civil cases, the Court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict." *Id*. at 252.

3

(4:11CV01826)

Summary judgment is appropriate whenever the non-moving party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322. Moreover, "the trial court no longer has a duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989) (citing *Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1034 (D.C. Cir. 1988)). The non-moving party is under an affirmative duty to point out specific facts in the record as it has been established that create a genuine issue of material fact. *Fulson v. Columbus*, 801 F.Supp. 1, 4 (S.D. Ohio 1992). The non-movant must show more than a scintilla of evidence to overcome summary judgment; it is not enough for the non-moving party to show that there is some metaphysical doubt as to material facts. *Id*.

### III. Discussion

The Fourth Amendment states:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend. IV. The long-standing jurisprudence of the Supreme Court makes clear that a search is generally unreasonable within the meaning of the Fourth Amendment unless it is authorized by a valid warrant. *Baranski v. Fifteen Unknown Agents of Bureau of Alcohol*, 452 F.3d 433, 452 (6th Cir. 2006) (internal citations omitted). Importantly, the warrant need not only be valid when issued, but also when the search is conducted, to comply with the reasonableness

(4:11CV01826)

requirement.[2]  See Wayne R. LaFave, Search and Seizure § 4.7(a), 646-48 (4th ed. 2004).

### A. Valid Search Warrant

In order to be valid, a warrant must state, with particularity, the items to be seized. U.S. Const. amend IV; *see* Maryland v. Garrison, 480 U.S. 79, 84, 107 S.Ct. 1013, 94 L.Ed.2d 72 (1987). "The test for determining whether the description in the warrant is sufficient to satisfy the particularity requirement [of the Fourth Amendment] is whether the description is such that the officers can with reasonable effort ascertain and identify the [items] intended [to be seized]." Baranski, 433 F.3d at 452 (internal citations and quotations omitted).

Notwithstanding Plaintiff's contention to the contrary, the federal law enforcement officers possessed a warrant that described with particularity the items to be seized as evidence of the crime. See ECF No. 8-3. For example, the search warrant states:

> Evidence of false personation of an officer of the United States that includes, but is not limited to: Identification cards, blank card stock, laminating supplies and equipment; Computers, printers, cameras and other equipment used to make identification cards; Badges; Clothing with law enforcement emblems and lettering; Business records for OSPCS/Special Police Constable State in paper and/or electronic format; Personnel records of individuals employed or appointed as 'U.S. Constables' by Laroy Dock and/or his company; Firearms and other weapons; Any other evidence of the crime of false personation of an officer of the United States.

ECF No. 8-3 at 3. In accordance with the Fourth Amendment, the warrant at issue particularly described the items to be seized and is, therefore, valid.

---

[2] The first clause of the Amendment, the Reasonableness Clause, provides an overriding check on criminal investigations by the government, prohibiting all "unreasonable searches and seizures." *Baranski v. Fifteen Unkown Agents of Bureau of Alcohol*, 452 F.3d 433, 450-51 (6th Cir. 2006) (citing *Soldal v. Cook Cnty*, 506 U.S. 56, 63, 113 S.Ct. 538, 121 L.Ed.2d 450 (1992)).

(4:11CV01826)

### B. Reasonable Search and Seizure

As a general matter, to satisfy the reasonableness requirement, a search or seizure must be "accomplished pursuant to a judicial warrant . . . ." *See Skinner v. Ry. Labor Executives' Assn,* 489 U.S. 602, 616, 109 S.Ct. 1402, 103 L.Ed.2d 639 (1989). In light of the search warrant, described above, the federal law enforcement officers searched and seized the "computer equipment" in accordance with the valid warrant, thereby deeming the officers' activity as "reasonable," under the Fourth Amendment.

### C. Property Damage *De Minimis*

In addition to alleging that Boldin conducted a search "without a warrant," Plaintiff further argues that Boldin and the other federal law enforcement officers damaged his personal property. ECF No. 1. In his motion, Boldin argues that such alleged property damage is *de minimis* and not a constitutional violation. ECF No. 8-1 at 11.

The Sixth Circuit has explained that "officers executing search warrants on occasion must damage property in order to perform their duty[,] and alleged *de minimis* damage "does not form the basis for a constitutional claim." *Streater v. Cox,* Case No. 08-1631, 2009 WL 1872471, *7 (6th Cir. June 30, 2009). In his Complaint, Plaintiff describes the damage as a cut cable, a broken router, and evidence tape on his equipment. ECF No. 1. The Court finds such alleged damage as *de minimis* and not a constitutional violation.

Upon finding that no constitutional violation occurred during the execution of a valid search warrant, the Court need not address Boldin's additional grounds for relief.

6

(4:11CV01826)

## IV. Conclusion

Accordingly, Defendant United States Deputy Marshal Bill Boldin's Motion to Dismiss, or, in the alternative, Motion for Summary Judgment is granted (ECF No. 8).

The matter is dismissed in its entirety.

IT IS SO ORDERED.

June 20, 2012            */s/ Benita Y. Pearson*
Date                                     Benita Y. Pearson
                                            United States District Judge